MASSEY MOTORS, INC., Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. No. 3346–J.

United States District Court
S. D. Florida,
Jacksonville Division.

Oct. 18. 1962.

Hill & Frazier, Jacksonville, Fla., for plaintiff.

Edward F. Boardman, U. S. Atty., and Barnard J. Schoenberg, Trial Atty., Tax Division, Dept. of Justice, Washington, D. C., for Government.

YOUNG, District Judge.

This suit for the recovery of corporate income taxes and interest thereon was originally before this Court as reported in Massey Motors, Inc. v. U. S., 156 F. Supp. 516 (S.D.Fla.1957); the facts of the case are fully set forth in the opinion therein reported and it would be superfluous to restate them here. The District Court having originally found for the plaintiff taxpayer, the Government successfully appealed as reported in U. S. v. Massey Motors, Inc., 264 F.2d 552 (5 C.C.A.1959). The Fifth Circuit's decision that depreciation of automobiles must be computed on the useful life of the asset *to the taxpayer* rather than the useful life of the depreciable asset was appealed unsuccessfully to the Supreme Court of the United States, as reported in Massey Motors, Inc. v. U. S., 364 U.S. 92, 80 S.Ct. 1411, 4 L.Ed.2d 1592 (1960).

Pursuant to the directions in the Fifth Circuit's opinion, supra, this case returns to this Court for a finding of the salvage values of the automobiles on which depreciation was taken. It is admitted that the automobiles in question normally are sold by the taxpayer for more than their cost to taxpayer. As set forth in the Pre-Trial Stipulation, signed by counsel for both parties hereto, the sole issue remaining in this controversy is "whether the salvage value of the company cars should be deemed to be the retail value thereof, or whether the salvage value of said cars should be the wholesale value".

In this case the Supreme Court stated (364 U.S. at p. 93, 80 S.Ct. at p. 1413, 4 L.Ed.2d 1592):

"We have concluded that the reasonable allowance for depreciation of the property in question used in the taxpayer's business is to be calculated over the estimated useful life of the asset while actually employed by the taxpayer, applying a depreciation base of the cost of the property to the taxpayer *less its resale value at the estimated time of disposal.*" (Emphasis added)

The Pre-Trial Stipulation provides that the parties are in agreement that the

estimated time of disposal would be one year or less; the record in this case clearly shows, and this Court so finds, that the automobiles were sold by taxpayer for their then retail value.

Taxpayer contends that in computing its allowance for depreciation it should be .permitted to consider "salvage value" as the wholesale value of the cars at the time of disposal rather than the retail value at the time of disposal. The Government contends that in computing the allowance for depreciation the salvage value is the resale value at the time of disposal.

Taxpayer's contention would permit it to compute its depreciation on a fictional salvage value rather than the actual salvage value. In this case the Supreme Court has stated (364 U.S. at pp. 104, 107, 80 S.Ct. at pp. 1418, 1419, 4 L.Ed. 2d 1592):

> " * * * a meaningful annual accrual (of depreciation) requires an accurate estimation of how much the depreciation will total. The failure to take into account *a known estimate of salvage value* prevents this, since it will result in an understatement of income during the years the asset is employed and an overstatement in the year of its disposition. (Emphasis added)
>
> * * * * * *
>
> "We therefore conclude that the Congress intended that the taxpayer should, under the allowance for depreciation, recover only the cost of the asset less the estimated salvage, resale or second-hand value. This requires that the useful life of the asset be related to the period for which it may reasonably be expected to be employed in the taxpayer's business. Likewise salvage value must include estimated resale or second-hand value."

I conclude, therefore, from the facts in this case that the allowance for depreciation of company cars for the years in controversy should be figured on a formula which takes into consideration

salvage value computed at the retail value of the cars at the time of disposal by taxpayer.

In consideration of the foregoing, it is

ORDERED AND ADJUDGED that counsel for the respective parties herein submit a proposed Final Judgment consistent with this opinion if they can agree on the contents thereof prior to November 9, 1962; if by said date such proposed Judgment has not been submitted to this Court, this Court will set down this cause for such further proceedings as may be required.